Good morning everyone. I'm going to call the first case please. 11-3051 David Abrams v. DLA Piper US, LLP et al. Would the lawyers please approach and introduce yourself to the court. Good morning, Your Honor. Gene Schultz. I'll be here for the Plaintiff Appellant. Good morning, Your Honor. David Childs on behalf of McGuire Woods FLE. Okay. Now, are you going to reserve some time for rebuttal? I'd like to reserve three minutes of my time for rebuttal. Okay. You know, we're going to give you 15 minutes, but we don't have a clock here. And if you have something interesting to say, you know, we may let you go a little bit longer than that, but don't take advantage of it. Okay. Remember this. We've read the briefs. We've read the record. So we're interested in your arguments. Okay. Okay. Have you guys worked out your time? Okay. Sounds good to me. And remember, this thing here is not a microphone. It just records. So it's not going to amplify. So speak up loud. Sometimes the traffic is – and as I get older, I don't hear as well as I should. All right. Before you even start, let me tell you where my thinking is in this case. Please do. You know, zero in on it. Okay. This plan provides that the bankruptcy court will retain jurisdiction over any litigation. Yep. Okay. So if the bankruptcy plan says that, you know, how could you say otherwise? Well, I think that the key comes down to what kind of jurisdiction. Are we talking about exclusive jurisdiction or are we talking about concurrent jurisdiction? Okay. Now, let me stop you there. Okay. Now, you know, that reminds me of sometimes people argue this pen, you know, they try to make this pen into an elephant and it's just a pen. It's hard to do. But lawyers will always – I mean, that's what lawyers try to do. You know, when it matters in the bankruptcy court, you know, Before I put on this robe, I was like you. I'm out there practicing law. I was in the bankruptcy court many, many times. I mean, you know, no one got approval here for this case to go to the circuit court. That might have been very simple. A little motion, get approval, fine. But, okay, that wasn't done here. But the question is, you know, as far as jurisdiction goes, yes, we have concurrent jurisdiction to hear legal malpractice cases, and they could hear them. Right. But when the bankruptcy court says that they retain jurisdiction over any litigation, that means that it's in their purview. Well, Judge Klingenberger said the word is exclusive. Well, I know that was changed here. And I'm not going to argue that exclusive doesn't mean exclusive. Okay. If exclusive says exclusive, that's what it means. However, I think Judge Klingenberger got it exactly right when he said exclusive is not constitutional. It does say that, but it didn't mean that. It can't mean that. I had no power to do that. I could not do that. So in our view, it's no different than if the legislature passes an unconstitutional statute. And it may mean exactly what everybody says, but if this court were to say this statute is unconstitutional, then we don't just say, well, but the legislature still passed it, the governor still signed it, so we're going to go on and enforce it even though it's unconstitutional. We say it means what it says, but what it says is unconstitutional. But I don't know that that's an issue in this case. Well, we think that it is because if exclusive jurisdiction means exclusive jurisdiction, and that's the only way you can say we had to go to the bankruptcy court. The only way you can say we had to is if exclusive means exclusive and we're stuck with exclusive. And as Judge Klingenberger points out, that's not constitutional. He didn't mean it. We didn't mean it. You cannot do that. Yeah, do you have any case that support that?  A proposition that when a plan says that the bankruptcy court is going to retain jurisdiction over litigation, that it don't mean you have to go to the bankruptcy court. You can go to the circuit court without getting approved. Judge Klingenberger's opinion makes very clear that we had concurrent jurisdiction. In his view, it's standard bankruptcy practice that with respect to this kind of litigation, that does not have to be brought in the bankruptcy court, this case did not have to be brought in the bankruptcy court, that things were just as they would have been if the plan had been entirely silent. But didn't the bankruptcy judge agree with Judge Goldberg? He said Judge Goldberg correctly read exclusive to mean exclusive, but then he went on to say, and that's his clever, wait a minute, Chihuahua's line, that if we read it that way, it's unconstitutional, so we can't enforce that. Even though it's there, even though I put it in an order, I can't do that, we can't do that, I cannot make the plaintiff file this case in front of me. The plaintiff could have chosen to file this case in front of me. Plaintiffs have a choice. We had a choice. We concede. We could have filed it there. And you could have got approval to file it in circuit court. We didn't need approval. I mean, that's your position. Well, I don't think they're arguing that we needed to go to Judge Klingenberger and ask him for permission to go to the state court. I don't think that is an issue in the case. What they're saying is we had no choice but to file it in the bankruptcy court, not that we just needed to go to him and get approval. There's not any doubt, if you read his opinion, it's very clear, he would have given us approval to take the case to the state court. This is where it belongs. It's a legal malpractice case against three Chicago law firms, Mr. Abrams, the plaintiff. His office is right up the street. Everybody's here in Chicago. It concerns the conduct of Illinois lawyers. There's no question that the case belongs here and should be filed here. The only question is, is there some reason why we couldn't file it here, why we were forced to file it somewhere else? And I'll put that aside for a moment. What about the issue of there is no attorney-client relationship here? With McGuire Woods? Yes. Well, all of those arguments, we would say, Your Honor, are simply issues of whether or not the pleading is adequate and pleads enough facts. Those are issues in our opinion that this court should defer to the circuit court. Because if there aren't enough facts to say that, and Judge Simon did say in the federal court that we haven't pled enough facts, but then he gave us leave to amend. We did amend. We put in more facts. So if there aren't enough facts in the complaint to support the allegation that there was an attorney-client relationship, then we're entitled to an opportunity. What about the other issue with regards to who's bringing the action? Okay. Well, I need to make sure Your Honors understand. If I could take a moment, I think you need to understand exactly what happened here and why to understand how that issue played out. This plan of reorganization was set up like almost all plans these days, although I'm not really a bankruptcy lawyer. But the bankruptcy lawyers tell me that a liquidating plan is set up with a liquidating trust where basically all of the assets, including any claims that the bankruptcy estate has, are put into this liquidating trust. And then Mr. Abrams, the liquidating trustee, is charged with disposing of the assets and liquidating the claims. There was a problem that was confronted at the time this plan was drafted with respect to the assignment of legal malpractice claims because everybody was worried that that would be read if the legal malpractice claims were transferred into that trust as an improper assignment of the legal malpractice claims that would be void. That's why the plan was written to leave those claims with Hartland and not transfer them into the liquidating trust. They were left with Hartland. That's also why in the ordinary course of things, Hartland would have just gone out of existence as a corporate entity. The LLC stayed alive post-confirmation to, again, try and avoid any argument that there was an improper assignment of the legal malpractice claims. However, what that means basically is that Mr. Abrams, after confirmation, technically had three titles, you could call them. He was liquidating trustee, and that was his basic job, was to be the trustee who liquidated all the assets. You could also call him the designated representative, and you see that phrase used under 1123b3b of the U.S. Code, who is the person authorized by the U.S. Code to prosecute claims. So he had that title. And he also technically was the manager of the LLC, Hartland, which stayed in existence solely so that this case could be prosecuted without an argument that it had been improperly assigned. So he technically had all three of those titles. However, Mr. Abrams was Hartland. It was not an operating business. It was just a liquidation of assets. There was nothing there. You could analogize it to an estate of a person where basically he was the trustee. It was contrary to the plan. The plan tells you who the plaintiff should be. I don't think the plan says that Hartland should be the plaintiff. I think that Mr. Abrams, the case law says it, that he is entitled as trustee to bring these claims on behalf of the estate. There were a number of other lawsuits filed. There was a DNO case filed in Indiana, several other cases. Mr. Abrams filed those cases in his own name as trustee, as you would have, for example, with a regular estate where the suit is filed by the executor or the administrator or whoever it is. We think he had a perfect right to file in his own name. Or somebody could have gone before the bankruptcy court and got the bankruptcy judge to make a decision as to who the right plaintiff would be. In theory, if there was ever a dispute about who the right, there was nobody other than Mr. Abrams. If Mr. Abrams went looking for somebody else to speak for Hartland, there's nobody else. I'm sure there are days when Mr. Abrams wished there was somebody else there. In fact, I know there were days Mr. Abrams wished there was somebody else around that spoke for Hartland. But he was it. That was all there was. So if, in theory, there was a technical error that this should have been filed in the name of Hartland, it was nothing other than a technical error. There was no fraud. Nobody was misled by this. It's being handled on a motion to amend. We could have just amended the complaint and added Hartland. We asked for it. Now, there is a little bit of a quirk here because we asked for it in a motion to reconsider. And they say, well, that's kind of improper. But the problem we had at that point in time was Judge Goldberg's initial rule was, I have no jurisdiction to hear this case. So if, in fact, he doesn't think he has jurisdiction, can he, in fact, give us leave to amend the complaint to put Hartland in, which is why procedurally we felt the only way we could do this is make our motion to reconsider, which the main purpose of which was to get a ruling from the bankruptcy court interpreting the plan and then let Judge Goldberg consider that and as part of that say, and by the way, we would also like, if need be, leave to amend. If you conclude you have jurisdiction, then, of course, you can give us leave to amend. And so that's why we wrote it up that way and set it up that way to preserve it. But I think on the main question before the court, I think that Judge Klingenberger's opinion from the bankruptcy court says it better than I ever could, which is that this plan was set up to reserve jurisdiction. The whole idea behind these retention of jurisdiction provisions, just so the court understands, is there's a dispute among bankruptcy practitioners about how much jurisdiction the bankruptcy court keeps after a plan is confirmed. And so they always put these provisions in a plan, the idea being keep as much jurisdiction as we can. And they're written, as lawyers are wont to do, as broadly as we can to keep as much jurisdiction. And this one was overwritten a little bit. But the idea is to keep as much jurisdiction as we can. So what do you think that phrase means, retain jurisdiction over any litigation? I mean, what does that mean? To me it's clear and unequivocal, but you tell me what you think. Well, I think he did retain jurisdiction over any litigation that legally he had jurisdiction to hear. And that's, I think, when he changed the plan is what he said is what I meant to do was say, to the extent I have jurisdiction to keep jurisdiction over litigation, I'm keeping it. Okay? And so that's why I think there was no question that we could have filed this case in front of Judge Klingenberger in the bankruptcy court, as we in fact did, and everybody knows about it after Judge Goldberg ruled. We could have, but we did not have to. He did not say I am, he said I'm keeping exclusive jurisdiction, but he didn't mean I'm keeping jurisdiction, exclusive jurisdiction. He meant I'm keeping concurrent jurisdiction. I am keeping the option. Well, he didn't say concurrent jurisdiction. He said retain jurisdiction.  He didn't say concurrent jurisdiction. If you read his opinion, Your Honor, I think it's crystal clear that what he means by that is concurrent jurisdiction. I don't mean exclusive jurisdiction. I mean concurrent jurisdiction. I did not mean to deprive Judge Goldberg or any other court of the jurisdiction that they otherwise would have to hear a claim that we could properly file in front of that court. So because we have a right to file this case here, I think there's just no question that Judge Klingenberger is saying I didn't mean to take that jurisdiction from Judge Goldberg. I couldn't take that jurisdiction from Judge Goldberg. I had no power to do that. It would be unconstitutional for me to say that I'm taking the jurisdiction away from a state court judge of a case that's properly before him. He had jurisdiction. I am retaining jurisdiction to file it here, and it's like any other case. Lots of cases in the world, I'm sure Your Honor remembers, where you have a choice. You can go to state court. You can go to federal court. You can file it in here. You can file it there. The plaintiff sometimes has choices about where the plaintiff can file his lawsuit and plaintiffs make those decisions. Defendants have some protection if they feel the plaintiff filed it in the wrong place. They have venue or they have whatever other arguments they can make that it's not the right place. But at least initially, it's the plaintiff's choice to file the lawsuit where the plaintiff wants to file it. We had a choice here. We could have gone to the bankruptcy court. We could have gone to the circuit court of Cook County. We chose to go to the circuit court of Cook County. Judge Goldberg said, you can't. I can't hear the case. We think that that was wrong. We think he could hear the case. Judge Klingenberger said, if you're saying I took your power to hear it away, I didn't. I didn't mean to, and I can't. So as far as he's concerned, and I think he's absolutely right about this, he couldn't take jurisdiction from Judge Goldberg. Judge Goldberg had jurisdiction. So we think that he erred in saying, I cannot hear this case. We had a right to bring it here, and we feel that that was proper. All right? And if that's the question, we'll reserve a few minutes for the rest of this hearing. Let my worthy adversary try and convince you otherwise. Yes? Good morning, Mr. Chief of Court. Good morning. Your Honor, this case was filed in the wrong court, it was filed by the wrong party, and it was filed on a legal theory that doesn't work. The case is also now proceeding in the Indiana federal court, and we think for each one of those different independent reasons, Judge Goldberg's decision was absolutely correct. You put your finger on it, Justice Gordon, in terms of the issue on the bankruptcy jurisdiction in 9.132. The simple question here is how could Judge Goldberg have committed error when all he did was to read the plain language of the plan that this liquidating trustee's own lawyers drafted.  That the bankruptcy judge then approved. How could he err by reading the language and saying, well, it says retain jurisdiction for hearing and determining all litigation. That is plain. It's unambiguous. Judge Goldberg was absolutely correct. And so the response that we hear, because the plain language can't be disputed, because there's no dispute that this trustee agreed to it, drafted this provision, is two arguments, and they're both incorrect. One of them is that this retention of jurisdiction provision is only purposed for protecting the bankruptcy court's jurisdiction. That's what counsel tried to explain. The idea here is that you put these provisions in a plan to make sure that the bankruptcy court's jurisdiction doesn't diminish after the plan is confirmed. That argument, that theory cannot be correct if you look at the plain language of Section 9.13. And the reason for that is because if you look at the section right above the one that we've been talking about, 9.131, it says the entry of a confirmation order shall not diminish or impair the court's subject matter jurisdiction. How about the fact that when the appellant signed off on this plan, does that make it a contract? Well, yes. In the sense it does. In the sense that we are not arguing that this is a contract in the everyday commercial sense. Judge Klingenberger was correct about that point. This is an agreement that has lots of extra steps to it, in the sense that the bankruptcy court has to approve the plan, people have to vote on it, and there are procedures that you have to go through. Now, does that mean that this is unlike a contract? No, not at all. And does that mean that this trustee didn't agree under this plan provision to sue in the bankruptcy court? Absolutely not. This was an agreement by the trustee to sue in the bankruptcy court. That is the way that Judge Goldberg read this provision, and it was appropriate and correct, correct under the cases that we've cited. There are a number of federal court cases that deal with this situation and these retention of jurisdiction. Did not Goldberg find this to be a contract? He did. I don't know that he found it to be a contract, again, in the everyday sense. But what he said was, you made an agreement. You made an agreement that you were going to sue. You use the word agreement, and I use the word contract. Right. I mean, is an agreement a contract? Justice Portman, I believe that there is a difference, and they make a fair point about this. It's not a contract in the sense that you've got two private parties with offer, acceptance, consideration, all the things that we learn about and think about what makes a contract. That doesn't mean, however, that this isn't an enforceable agreement about where litigation should be. Hearing and determining litigation. So you're telling me that there could be an enforceable agreement that's not a contract. Is that what you're telling me? No. No, Your Honor. I think that what this is, no, what this is is this is a retention of jurisdiction provision in a plan, and it is for all intents and purposes, and for these purposes in this case, yes, it should be enforced like a contract, the way that Judge Goldberg. Well, wait a minute. You see, enforced like a contract. To me, there's a contract, and then an agreement to me is a contract. I don't know that there's anything in between this. Well, I think. You see, I've been dealing with this probably longer than you've been born. Okay, so to me. I don't even presume, Your Honor. Well, see, you know, the problem to me is, you know, a contract is a contract. An agreement is a contract. I don't know what this, what you're talking about. I've never heard of such a thing. Well, Your Honor, what it is is I don't want to get wrapped up in terms of whether it's in one box or the other. The point is they agreed to file this case in the bankruptcy court, and that agreement is enforceable. And Judge Goldberg. If it's enforceable, then it's a contract. Well, then on that understanding. Okay, I mean, you know, a contract is a contract. Lawyers should know what a contract is. Well, I think the, Justice Gordon, I certainly agree with you. I think that this is an enforceable contract for them to file a case. All right, so let's get that straight. All right, thank you. So, and you know what, Your Honor? We're not in some minority in advancing that understanding. The Seventh Circuit, other courts have repeatedly stated that these kinds of plans are indeed contracts, or at least they're like contracts in the way that I mentioned. And what I would say, Your Honor, is that the problem with their argument is what they've done is that they've erected a sort of a classic straw man. They've said Judge Goldberg erred because he interpreted this provision to divest himself of jurisdiction, and thereby he interpreted it in a way that was unconstitutional. That is not what Judge Goldberg said. He never said, I interpret this as divesting me of jurisdiction. What he said, and this is the reason I use the word agreement, that was the word that he used. He said, you made an agreement. You committed to file this case in the Bankruptcy Court. And so in that way, this provision is no more, it is no different than the kinds of agreements that you see all the time where people say, look, I have the option to file a case in Illinois, in Indiana. Maybe I could also file it in Delaware. We're going to agree that amongst several available forum that share concurrent jurisdiction, that the case is going to proceed in one, but not the others. That's an agreement that people make all the time. And no one says, well, wait a minute, you can't do that because then you're divesting the other courts that you've excluded of jurisdiction. No one makes that argument. And we have never said, and no one has argued in this case, that this is a divestiture provision. It's just a straw man that they've set up to try to paint Judge Goldberg's straightforward reading of this plan in the color of some error, but it's not. What he said is, look, you agreed to file this case in the Bankruptcy Court. I'm going to hold you to that agreement. There's nothing more to it. And that ruling was absolutely correct. Counsel, what about the argument, even though the bankruptcy order does not state the word concurrent, but the appellants indicate that that's what was intended, that's what was meant in the order. Can you address that? Well, I actually think that that just makes our point. I mean, to the extent that they're saying that there's concurrent jurisdiction here, which we agree with, and to the extent that they're saying that this was what was intended, then the question is, well, why was it drafted in the way that it was drafted? There's no legal principle. They've said repeatedly, well, it was poorly drafted. It wasn't what we meant. There's no legal principle that allows Judge Goldberg to rewrite their agreement for them because they've come into court and said, oh, wait a minute. Well, now that we read it, it's not what we meant. It was poorly drafted. There's a rule of law that allows that. The rule of law is you apply the provisions the way that they're written. And the plain, ordinary, undisputed meaning of this provision is that the case had to be filed in the Bankruptcy Court. And that is not an unconstitutional understanding. As I've just been saying, it's not a divestiture provision. It's just a limitation on where he can file the case. If this was a situation where the Bankruptcy Court wasn't available to them, if they couldn't have filed it in the Bankruptcy Court, I might agree, then that would be a problem. Then you might have a situation under those circumstances where you say, well, how can you enforce the plain language of this provision? It, on its own terms, is nonsensical. We can't file it in the Bankruptcy Court. And Judge Goldberg was scrupulous in his attention to this problem. If you look at the transcript of the hearing where we argued this for three hours in front of Judge Goldberg, he kept asking over and over again, is the Bankruptcy Court available? Can the case be filed there? Can it be refiled there? If it's filed there, can there be a jury trial? Will the plaintiff have the same rights and remedies that he would have in the circuit court of Cook County? And he made the same point at the reconsideration hearing. And what that tells us is he was satisfying himself, appropriately, that the Bankruptcy Court indeed had concurrent jurisdiction. It could hear these claims. And so it was appropriate to hold them to the choice that they made when they put this provision in the plan. So we think that Judge Goldberg was correct in all respects on that front and that the trustee cannot now say on appeal that he erred or that he was incorrect simply by virtue of reading the plain language of this plan and applying it the way that it was written. What about the other issue with regards to actually who owns or has the right to bring the legal malpractice action? Yes, Your Honor, I was going to address that. And I think that that's a very, very important point because what the trustee is trying to do here is to have the best of both worlds. And that's the problem and the reason that this really matters. The trustee has acknowledged that under Illinois' law prohibiting assignment of legal malpractice claims, when this plan was confirmed, he couldn't take ownership of the claims. And the trust that he is the trustee for, that he's the representative of, couldn't take ownership of the claims. So to avoid the assignment problem, the plan's drafters, again in a perfectly clear provision, 3.1, said, Heartland is going to retain these malpractice claims. And they even went so far and they amended the plan later in Section 7.6 to add a standing provision that says that not only the trustee but also the debtor, meaning Heartland, will have standing to pursue litigation, including malpractice claims. Why would they do that if the debtor wasn't going to be the party that needed to pursue these claims because the debtor owned them? And so what the trustee has done, though, is to say, all right, well, I'm going to avoid the assignment problem by keeping the claims with Heartland, but I'm going to bring this case in my own name. And the advantage to him of doing that is significant because he now can argue, I'm a trustee. So the affirmative defenses that are normally available to a set of lawyers when they're sued by their client aren't all available on his view. We don't agree with that, but that's his argument. He says, for example, in peri delict, very common defense in legal malpractice cases, agency idea of imputation, the argument here is that Heartland, the alleged client, approved all these deals that they say caused it harm, that its management was fully advised and, in fact, instructed that the deals go forward. And so there's a clear and peri delict problem. The problem is that the client itself authorized the conduct that they say caused it an injury. The trustee's response to this is, well, wait a minute. I'm a trustee. I'm an innocent trustee. And as an innocent trustee that represents a variety of other constituents, I can't be subject to that defense. The trustee also says, you know what, I waited a long time to bring these claims, but I can do so because there is a statute of limitations that is applicable only to trustees in bankruptcy court. We don't agree with this either, but this is their argument. And I get the benefit of that statute of limitations because I'm a trustee. Well, our point is you can't have it both ways. You can't avoid the assignment problem by saying Heartland is going to keep these claims and then come into court as the trustee and advocate that you're not the client anymore, that you're a different party. That's one of the reasons that Illinois law doesn't allow you to assign nonpractice claims. We want the actual clients to be litigated. And so Mr. Schilt says, well, you know, or the trustee's counsel says, well, you know, there's nobody else who could have brought these claims. There's nobody besides Mr. Abrams. Heartland itself, Heartland itself should be the plaintiff. We should have the proper party in this case because it really matters. Well, can't that be done through a simple amendment? It could have been if they'd asked to do it, Your Honor, but they didn't. Well, here, you know, I certainly could see why the appellant did what he did for the benefit of his client. You know, it's true that a bankruptcy court can certainly hear a legal malpractice case. A legal malpractice case, I don't know, I tried 50 or 60 of them as a trial judge. I would say that they take a week to a month. A busy bankruptcy judge, when is he ever going to get to that? The only way that they ever get to it is they've got to bring in somebody from Rockford or somewhere else to hear the case. That's usually what happens. So I could see why a lawyer is trying to do a good job for his client and wants to bring it to the circuit court to cook out. Sure, Justice Gordon, and that goes right back to your original point. If that's what they wanted to do, go to the bankruptcy judge, get authorization to do that. Well, I understand they didn't do that. But don't come into court and say, Judge Goldberg, don't enforce the plain language of this plan. Ignore it. Rewrite it. Disregard it. We didn't mean it. And then come to this Court and say, Judge Goldberg, you erred because you acted unconstitutionally. Go to the bankruptcy court and ask the bankruptcy court for leave to do this. Or have the plan amended and changed. But don't go to Judge Goldberg and say, well, wait a minute, just don't enforce this provision the way that it's written. I think that where you started, Justice Gordon, is exactly the right place. And they didn't do that. And they didn't raise any of these other arguments. I mean, to go to the waiver point, both as to the proper party, the proper plaintiff, and also as to Judge Klingenberger's ruling. Now, this isn't a case where something, where they were somehow prevented from contacting Judge Klingenberger or taking any of these steps or moving to amend to substitute before Judge Goldberg ruled. These are very competent counsel. They certainly knew about the option of seeking leave to amend, at least in the alternative, in response to the motions that we filed where we said, we got the wrong party in this case. They didn't do that. Instead, they stood silent. We had a hearing. We argued. There was no request to amend. And they waited for Judge Goldberg to rule, to see how he would rule, and that's a strategic choice. And that kind of strategic choice is the thing that the waiver principle, in cases that we've cited, is designed to protect.  to allow somebody to be able to plead a cause of action that they couldn't otherwise plead, which is what the cases that they've cited address. It is a very different thing to allow a party to roll the dice and say, I'm going to stand on my argument and then come back later after they've lost and say, wait, we can fix this through substitution. We believe that the case can be affirmed on the alternative ground, that it doesn't state a claim. As Justice Grace has pointed out, Judge Simon has already held that the pleading, which is the exact same pleading that was filed in circuit court, was refiled against McGuire Woods in the bankruptcy court. He's already held that it facially doesn't state a claim. It has given them an opportunity to amend. That amended complaint is subject to a motion to dismiss that is fully briefed. It's been pending before Judge Simon since February. DLA has a fully briefed motion to dismiss the same complaint that's been pending in the Indiana courts since last October. So as we've said, we've got this significant concern about the overlap and the duplication. Well, what happens if those courts say it can never state a claim? No set of facts would allow it. And alternatively, what would happen if this court says the case doesn't state a claim? Or alternatively, that this court holds that the case should have been brought in the circuit court of Cook County? Those are all problems that we've argued would, in our view, for purposes of comedy, be the important considerations for this court to take into account. With respect to the merits of the claim, though, not only does it not state a claim for the reasons that Judge Simon has stated, but it can never state a claim. The theory here is that the lawyers had a duty to warn Heartland that it was going to enter into a series of bad business deals. There is no case anywhere that assigns to lawyers that kind of a duty. And so we don't believe that this complaint could ever have survived in any event, and that's an alternative basis to it. Thank you very much. I have – Before you start, let me ask you this. Sure. So you are asking us to write that when there is a plan that the Bankruptcy Court has approved that doesn't specifically state that you cannot file any actions in the circuit court, that we have jurisdiction to hear cases that are being litigated in the Bankruptcy Court. I guess I'm not 100 percent sure I'm understanding. Are you talking about the fact that this is concurrent jurisdiction, Your Honor? Right, right, right, right. I mean, you want us to write it because, you know, see, there's nothing out there that's that clear is the way you want to make it. So this is a case that's going to really kind of set the standard here if we're going to do it that way. We're going to have to say that we have a concurrent jurisdiction, so therefore we could hear the case just as well as the Bankruptcy Court could hear the case unless there's some exclusion in there that says we can't. That's the basic bottom line point of our position. I mean, that's what you want us to write. You have the circuit court head jurisdiction unless somehow it was taken away. Yeah, but I want you to tell me, what do you want us to write? You see, we have to write something. We want you to say that the circuit court had jurisdiction, that to the extent the bankruptcy plan could be read to deprive it of jurisdiction, that is unconstitutional. It could not deprive the Bankruptcy Court or the Bankruptcy Plan or the plan. I don't think I have to get into the word constitutional or unconstitutional in this case. The Bankruptcy Court had no authority, if you want to say it that way, to take away the jurisdiction of the circuit court. Well, I'm not going to ever say that another court doesn't have authority for anything. But the question is, what you're asking us to write is that when there is a reorganization plan that doesn't exclude the circuit court from hearing litigation, pending litigation, that we can hear those cases. That you can hear the case, yes. And that it would be like a clear bell to the legal community. I think that that certainly is true. What you just said is true to the extent the circuit court had jurisdiction. The plan did not take it away. It had jurisdiction. The plan didn't take it away. Well, in doing that, see, we would have to say something about what a bankruptcy court would have to do for us not to take jurisdiction. Wouldn't we have to do that? I don't think you have to speculate about whether or when or how a bankruptcy court could, in theory, perhaps someday say, I am making you file everything here in the bankruptcy court. And I am not giving you permission, not authorizing you, and somehow or another committing you to filing everything in front of me. Okay? Whether or not there's some way a bankruptcy court could do something along those lines is not an issue, I think, that you folks have to address. I think that all you have to address here is Judge Goldberg's point, which is, in this instance, this exclusive jurisdiction provision took away my power, my capacity, my authority, whatever it is, to hear this case. And it didn't. It couldn't. It is, in our view, no different than if, for example, the legislature were to pass a statute saying, we're going to take away the right of felony defendants to have a trial in court. And the law could be clear as a bell. No court in Illinois shall have the authority to give a felony defendant a trial. It wouldn't be good enough for you folks to say, well, sorry, the law is the law. It says we no longer have jurisdiction to give felony defendants trials. Therefore, you know, go back to the legislature, tell them to change the law, whatever. You folks would have to say, we can't enforce that law. We're not going to say we no longer have jurisdiction to give felony defendants trials just because the legislature passed a law, however clear it might be, that that's what they said or meant or tried to do. You can't do it. Neither could Judge Glingenberger do that here. Neither could he say, I am taking Judge Goldberg's jurisdiction away and keeping it all for myself. He didn't do that. He couldn't do that. If they're arguing that's what he meant or that's what he tried, then they can't. Let me address for a second this contract issue because I think it's the whole analogy breaks down if you push it even just a little bit. If it was a contract, and it wasn't, who was it between? Us and Judge Glingenberger, the bankruptcy court? Those were the two parties who had the most to say about it. The document was nothing until Judge Goldberg, I'm sorry, Judge Glingenberger approved it. The plan of reorganization was a meaningless piece of paper until Judge Glingenberger approved it. But the creditors don't get involved in that. Well, they were involved. They drafted the plan. But, you know, you could have a 600-page plan with thousands of provisions, but until the bankruptcy judge says, okay, I'm adopting this plan and implementing it, it is meaningless. It's not a contract. It's just 600 pages of paper. It doesn't become anything meaningful until the bankruptcy court says, okay, I'm entering an order adopting this plan. So it can't be a contract based on a condition subsequent. Is that what you're saying? Well, is it a contract with the court? I mean, Your Honor said it was. How about the creditors? Well, I don't think it's a contract in any sense of the imagination. If, Your Honor, I mean, isn't there some cases that hold that it is a contract? Others' cases may say that it's not. Judge Klingenberger correctly points out in his opinion courts, just like lawyers sometimes, use language that is inapt or maybe could be misconstrued. And there are language, there is language in some of the cases that talk about it being a contract or using that kind of analogy. But it isn't. If, for example, Your Honor posed the question, what if we had gone to Judge Klingenberger and asked him for permission to bring the case in the circuit court? And we didn't think we had to. But say we had. Say we had gone in and made that motion and Judge Klingenberger had said, I let you go to state court. Could these folks have then sued Judge Klingenberger and said, you breached the contract? Your Honor is in breach of this contract they're talking about because the contract says nothing. The judge is not involved in the contract. Well, then it's nothing. Because it's the document, the plan is nothing if the judge isn't involved. The judge has to be involved or the plan has no use. That's just a condition to a contract. Well, it's a very necessary, indispensable condition. So I don't think there's any way, shape, or form it could be construed as a contract. Okay. I understand that that's your position. Okay. That's your position. Yes, it is. A couple of other smaller points just to end with. We did not concede that this would be an improper assignment. Counsel said something to the effect that moving it to the trust would be an improper assignment of the claim. We don't concede that point. Certainly that was the purpose of trying to avoid that. But we aren't conceding that it would have been. Counsel also addressed the idea of if Heartland is the plaintiff that there may be ramifications that differ depending on, you know, in peri delicto and statute of limitations and a whole host of considerations. And we concede that if, in fact, on remand, the judge were to rule that Heartland is, in fact, or if Your Honors were to rule that Heartland is the proper plaintiff, but plaintiff we have leave to substitute them in or to add them, that may trigger a whole host of collateral considerations that on remand the trial court and circuit court would have to deal with in terms of what does that mean for in peri delicto and statute of limitations. Why weren't the plaintiffs ever amended? Well, because, quite frankly, as I said earlier, Your Honor, we had this problem that Judge Goldberger had said, I don't have jurisdiction. I can't hear this case. So for us to have come in at that point and said, well, we want you to enter an order giving us leave to amend when he has said, I don't have jurisdiction over this case. I can't hear it. We had a real problem with how that was going to work. So we thought the best way to handle it was to put in our motion to reconsider that this is what we would want. And if Your Honor changes your opinion, Judge Goldberger, and decides you do have jurisdiction, then please give us leave to amend. But obviously if you're going to maintain your ruling that you have no jurisdiction, then there's no way you could give us leave to amend under that state of facts. So that's the way we see it. Thank you very much. Thank you. All right. Well, you guys have given us a very interesting case, done a very good job in presenting your issues. The briefs were very well done, and I want to commend you for that. And we'll take the case under advisement. The Court is adjourned.